**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JUL 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| YESAYI INDIKUSHYAN and ALBERT INDIKUSHYAN, <br><br> Petitioners, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 17-71017 <br><br> Agency Nos. A097-857-788 <br> A095-665-876 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 10, 2018**

Before:     CANBY, W. FLETCHER, and CALLAHAN, Circuit Judges.

Yesayi Indikushyan and Albert Indikushyan, citizens of Armenia, petition

for review of the Board of Immigration Appeals' ("BIA") order denying their

motion to reopen removal proceedings. Our jurisdiction is governed by 8 U.S.C. §

---

        *       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        **      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1252. We review for abuse of discretion the denial of a motion to reopen, *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010), and we dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider petitioners' arguments, raised for the first time on appeal, as to changed country conditions and why the proffered evidence was previously unavailable. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must exhaust issues or claims in administrative proceedings below).

The BIA did not abuse its discretion in denying the motion to reopen as untimely, where the motion was filed more than four years after the final order of removal, and petitioners did not argue that any regulatory exception to the time limitations applied. *See* 8 C.F.R. § 1003.2(c). To the extent petitioners challenge the BIA's decision not to reopen proceedings sua sponte, we lack jurisdiction. *See Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016) ("[T]his court has jurisdiction to review Board decisions denying *sua sponte* reopening for the limited purpose of reviewing the reasoning behind the decisions for legal or constitutional error.").

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**